## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ANTHONY EARL KENNEDY,

       Petitioner,

v.                                                    No. CIV-07-0450 MV/KBM
                                                      [N.M. 2d Jud. D.C. No. CR-2005-00052]

THE STATE OF NEW MEXICO, et al.,

       Respondents.

### MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to consider Petitioner's Pro Se Motion For An 28 U.S.C.A. Section 1443 Hearing filed May 7, 2007.  In state court criminal proceedings, Petitioner was charged with criminal sexual penetration, kidnapping, and assault.  He alleges that his conviction resulted from violations of a number of constitutional provisions.  Petitioner subsequently filed a civil action in state court asserting claims arising from the criminal case.  The civil case apparently was dismissed.  The petition's caption carries the case number of a state criminal case but does not specify which of the two state court proceedings Petitioner wishes to remove.  He asks for a hearing under § 1443.  Petitioner's motion for leave to proceed in forma pauperis will be granted, although no filing fee is required for removal of a criminal prosecution.  *See Lefton v. City of Hattiesburg*, 333 F.2d 280, 285 (5th Cir. 1964).  The petition will be denied as improper, and, on the assumption that a state court proceeding is pending, the case will be remanded.

In the first place, it appears from the petition that neither of the two referenced state court cases is currently pending.  The applicable statute allows removal of "pending" state court proceeedings.  *See* 28 U.S.C. § 1446(a).  "[I]n order to invoke federal district court jurisdiction under 28 U.S.C. 1443 . . . [t]here must exist either a civil action or a criminal prosecution in state

court. Otherwise there is nothing to remove." *Nuccio v. Heyd*, 299 F. Supp. 939, 940 (D. La. 1969). If, as it appears in the petition, no state court proceeding is pending, this Court has no jurisdiction to consider Petitioner's § 1443 petition.

Alternatively, assuming for purposes of this order that the state criminal proceeding is still pending, Petitioner may not remove it to this Court.  As stated by the United States Court of Appeals for the Tenth Circuit:

> The Supreme Court established a two part test for [28 U.S.C.] section 1443 removal petitions in *Johnson v. Mississippi*, 421 U.S. 213 (1975):  "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.' "  A state court defendant's claim that "prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination" is insufficient for removal.  Second, it must appear "that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of [the] State.' "

*Colorado v. Lopez*, 919 F.2d 131, 132 (10th Cir. 1990) (internal citations omitted).  As in *Lopez*, Petitioner "has made no claim that he is being denied a right arising under a federal law 'providing for specific civil rights stated in terms of racial equality.' " *Id.* (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)).  Allegations that a state criminal proceeding has deprived a defendant of "the broad guarantees of the constitution," *Miller v. Wade*, 420 F.2d 489, 490 (5th Cir. 1969),  *quoted in State v. Torres*, 461 F.2d 342, 343 (10th Cir. 1972), do not support removal of the proceeding, *see Torres*, 461 F.2d at 343; *Colorado v. Glaser*, No. 95-1424, 1996 WL 21256 (10th Cir. Jan. 19, 1996).

Likewise, Petitioner may not remove the state court civil case that he initiated, even if that case is still pending.  In *Hamburg v. Goshen County Att'y*, No. 93-8025, 1993 WL 336012 (10th Cir. Aug 27, 1993), the Tenth Circuit affirmed the remand of a case removed by a state court plaintiff. "Section 1443 permits the defendant to certain state court actions to remove that action to federal

2

court.  Plaintiff was not the defendant to the state action that he wished to remove to federal court. Consequently, the district court correctly remanded the state court action." *Hamburg*, 1993 WL 336012, at *1; *see also Bartnick v. City of Greenwood Village*, No. 94-1089, 1995 WL 427677, at *1 (10th Cir. July 20, 1995).  The petition will be denied and the case will be remanded.

IT IS THEREFORE ORDERED that Petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is GRANTED;

IT IS FURTHER ORDERED that Petitioner's Pro Se Motion For An 28 U.S.C.A. Section 1443 Hearing filed May 7, 2007, is DENIED;

IT IS FURTHER ORDERED that, to the extent Petitioner's petition effected removal of a pending proceeding from the New Mexico Second Judicial District Court, the case is REMANDED; this proceeding is DISMISSED; and the Clerk is directed to forward a copy of this order to the New Mexico Second Judicial District Court.

_____
UNITED STATES DISTRICT JUDGE